Wade C. Isbell (OSB #104143)
wisbell@professionalcredit.com
P.O. Box 7637
Springfield, OR 97475
Tel: (541) 335-2159
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT OREGON

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DORTHA AND GILBERT WARNER,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>RAY KLEIN, INC.,<br><br>                              Defendant. | Case No. 3:17-cv-01301-JE<br><br><br>DEFENDANT RAY KLEIN, INC.'S MOTION FOR SUMMARY JUDGMENT |

**LR 7-1 Certification**

Counsel for Defendant certifies that the parties attempted to confer by telephone, but were unable to resolve the disputes at issue in this motion.

## I.        MOTION

Pursuant to Fed. R. Civ. P. 56, Defendant, Ray Klein, Inc. (Defendant), moves the Court for Summary Judgment and requests that Plaintiffs' claim be dismissed with prejudice. This motion is supported by the memorandum below and accompanying declarations.

## II.        MEMORANDUM

### A.  **Introduction**

Plaintiffs allege that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending a collection letter that failed "to effectively disclose the identity of the current creditor." Plaintiffs' Complaint, Page 2, ¶9. Plaintiffs' argument fails as a matter of law, because there is no reasonable basis upon which anyone can

dispute that the letter at issue identified the Portland Water Bureau as the creditor, identified Professional Credit Service as a debt collector, and stated that the account had been referred for collection.

### B.  Factual Background

The Portland Water Bureau referred a delinquent account to Defendant for collection. Declaration of Mark Hasson, Page 2, Paragraph 3. Defendant's initial communication with Plaintiffs occurred on January 24, 2017, when Defendant sent Plaintiffs each a letter, the content of which is presumably the subject of this litigation. Declaration of Mark Hasson, Page 2, Paragraph 4. A copy of that letter is attached to the Declaration of Wade Isbell as Exhibit 1[1]. Plaintiffs did not respond to the letter, so Defendant filed a small claims lawsuit in Clackamas County Circuit Court (Case No. 17SC12730) on March 23, 2017. Declaration of Mark Hasson, Page 2, Paragraph 5. The parties reached a mediated agreement in the small claims lawsuit and Plaintiffs paid $4,461.05 to Defendant to resolve the Portland Water Bureau account on or around September 1, 2017. Declaration of Mark Hasson, Page 2, Paragraph 6. Defendant was served with this lawsuit on October 5, 2017. Declaration of Wade Isbell, Page 1, Paragraph 2.

### C.  Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The inquiry performed by the trial court is whether there exist `any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (citation omitted). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202, (1986). If the

---

[1] Due to the outer portions of that letter getting cut-off during the scanning process, Defendant has also included an exemplar in the form of a copy of its letter template for the letter at issue. That document is attached to the Declaration of Mark Hasson as Exhibit 1.

nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, "the moving party is entitled to a judgment as a matter of law." *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 **D. Discussion**

  **1. 15 USC § 1692g**

   The purpose of the FDCPA is twofold: (1) to eliminate abusive debt collection practices by debt collectors, and (2) to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 USC § 1692(e). This "dual purpose" requires a court to both protect consumers against deceptive debt collection practices and protect debt collectors from unreasonable constructions of their communications. *Riggs v. Prober & Raphael*, 681 F.3d 1097 (9th Cir. 2012) citing *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2nd Cir. 2008). With that "dual purpose" in mind, Congress enacted section 1692g to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F. 2d 1222 (citing S. Rep. No. 95-382, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699). In *Swanson*, the Court further noted that Congress added the validation of debts provision to ensure that debt collectors gave consumers adequate information concerning their rights. *Id.*, 1977 U.S. Code Cong. & Admin. News at 1702. Specifically, section 1692g requires a debt collector to send a notice to the consumer, which must contain the following:

1. The amount of the debt;
2. **The name of the creditor to whom the debt is owed;**
3. A statement that unless the consumer, within thirty-days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.   A statement that upon the consumer's written request within the thirty-day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a)(1)-(5) (emphasis added).  Courts in this Circuit have held that the notice Congress required must be conveyed effectively to the debtor. *Swanson*, at 1225. To be effective, the notice must be large enough to be easily read and sufficiently prominent to be noticed, and the notice must not be overshadowed or contradicted by other messages appearing in the communication. *Id*. The notice should also state the required information "clearly enough that the recipient is likely to understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016). Whether a debt collector has complied with section 1692g is generally a question of law that has been decided by districts courts on motions for summary judgment. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir., 1997) (citing cases).

## 2.    Least Sophisticated Consumer

Courts view communications that allegedly run afoul of the FDCPA through the lens of the "least sophisticated consumer." *Terran*, at 1431-1432. This standard is designed to protect consumers who are uninformed or naïve, but it preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care. *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir., 2011). In fact, courts "have carefully preserved the concept of reasonableness" in order to safeguard debt collectors from liability for consumers' "bizarre or idiosyncratic interpretations of communications." *Davis v. Hollins Law*, 832 F.3d 962 (9th Cir., 2016) quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir., 1993). The determination should be "objective, and the plaintiff's actual perception is immaterial to the Court's analysis of whether the statement was misleading to the least sophisticated consumer." *Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218 (E.D. Cal., 2010).

## E.  Analysis

## 1.  The Court must dismiss Count I of Plaintiff's Complaint

Plaintiffs' Complaint is particularly absent of facts and legal theory that would support a violation of the FDCPA. Plaintiffs allege that Defendant failed "to effectively convey the disclosures required by 15 U.S.C. 1692g(a), including but not limited to failing to effectively disclose the identity of the current creditor." Plaintiffs' Complaint, Page 2, ¶9. However, the language in section 1692g(a)(2) requires the notice to contain "the name of the creditor to whom the debt is owed." There is no dispute that the letter at issue identifies the Portland Water Bureau and provides its original account number. The letter is also clearly from Defendant, as it appears on Defendant's letterhead. Additionally, the letter contains the mini-Miranda, as well as a recitation of the disclosures required under section 1692g(a), and the first line indicates that the account listed in the letter has been referred for collection. Moreover, the content is presented in a clear, easy to understand format in which the consumer's eyes are drawn to the center of the page, which contains a table specifically identifying Portland Water Bureau as the creditor. The only logical conclusion that any consumer could draw is that Defendant is attempting to collect a debt owed to the Portland Water Bureau.

While there is limited case law providing guidance with respect to compliance with section 1692g(a)(2), we are fortunate in this District because there are two cases within the District where the Court has found that a claim, nearly identical to that in this case, failed as a matter of law. First, the Court reviewed a similar collection letter, where the debt collector identified the creditor to whom the debt was owed simply as "creditor." *Schuerkamp v. Afni, Inc.*, Case No. 10-6282, Document 42, Page 6 (D. Or., November 16, 2011). In *Schuerkamp*, the Court observed that there was a complete absence of evidence that would have supported an inference that the debt collector's notice failed to comply with the FDCPA. *Id*., Page 7. The court found that the notice listed the name of the debt collector along the top of the letter, it indicated that the account had been placed with the debt collector for collection, and it further disclosed that the letter was from a debt collector. *Id*., Page 6. The letter also identified "DirecTV" under the word creditor and it included a DirecTV account number. *Id*. According to the Court, no matter how unsophisticated the consumer may have been, the reference to

DirecTV could not be missed and summary judgment was granted in favor of the defendant on the section 1692g(a)(2) claim. *Id*, Page 7. Second, the Court addressed a similar issue in *Santibanez v. National Credit Systems, Inc.*, Case No. 6:16-cv-00081, Document 21 (Jan. 12, 2017), where a debt collector sent a letter that listed "Re: Encompass Management Consultants" in the subject line and included an account number and balance. The letter went on to state the account had been "placed with this office for collection," and the Court found that the language in the letter strongly suggested that EMC was the creditor. *Santibanez*, at Page 7. Further, the Court said that nothing contained in the letter would cause the least sophisticated consumer to experience any confusion, or to believe there was a change in ownership of the account. *Id.*

The take-away from those two cases is that a debt collector satisfies section 1692g(a)(2) where the least-sophisticated consumer would be able to deduce the name of the creditor to whom the debt is owed from a careful reading of the letter. Similar to the cases above, there is nothing in Defendant's letter that suggests the debt is owed to more than one entity, nor does anything suggest a change in ownership of the account. In fact, the logical (and only) interpretation of the letter at issue here is that Defendant was attempting to collect a debt owed to Portland Water Bureau.

To better understand why Plaintiffs' claim must fail, it may be helpful to consider the case law where a debt collector has not adequately satisfied section 1692g(a)(2). In many of those cases, there is a tripartite relationship with multiple creditors being identified in the subject line of a letter, but without adequate clarification as to the interplay between those entities, nor any clear designation as to which is the creditor to whom the debt is owed. See e.g. *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp.2d 293, 300-01 (E.D.N.Y. 2005) (validation notice that identified multiple creditors and indicated that the debt purchaser was "an agent of the current owner of [the consumer's] account" created some question as to the identity of the current creditor); see e.g. *Neff v. Schlee & Stillman, LLC and LVNV Funding, LLC*, No. 16-10555, 2016 WL 4264203 (E.D. Mich., Aug. 12, 2016) (a single reference using the phrase "LVNV Funding LLC Assignee of CREDIT ONE BANK, N.A." does not

effectively convey the name of the creditor to whom the debt is owed to the least sophisticated consumer); see also *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016) (validation notice that identified multiple creditors and listed debt buyer as "assignee" of the original creditor, but then indicated that account had been "transferred" to debt collection law firm was ambiguous as to identity of current creditor). A common sense review of the letter at issue in this case fails to produce the type of confusion that was noted in each of the cases above. Here, the letter clearly identified the Portland Water Bureau as the creditor and even provided the Portland Water Bureau's account number – a number that Plaintiffs would have recognized as being associated with their Portland Water Bureau account before it was referred to Defendant for collection. As such, the letter much more closely resembles that at issue in *Schuerkamp* and *Santibanez*, where this Court distinguished cases like *Janetos* and found that the debt collector adequately complied with section 1692g(a)(2).

Additionally, Plaintiffs' Complaint points to nothing in the letter that would lead them, let alone the least sophisticated consumer, to believe that the obligation was "sold," "assigned," or "transferred" – a term that was at the heart of the court's analysis in *Janetos*. Plaintiffs did not plead any facts suggesting confusion as to the identity of the creditor to whom the debt is owed, nor is there anything on the face of the letter that is alleged to be inaccurate or deceptive. After reviewing the letter and the allegations in this case, it seems appropriate to consider what the Honorable I. Leo Glasser noted in a 2017 decision from the Eastern District of New York. In the case of *Islam v. Credit Control, LLC*, Case No. 16-CV-6883, at 5-7, 2017 WL 2788938 (E.D.N.Y. 2017) citing *Jacobson v. Healthcare Financial Services, Inc.*, 434 F.Supp.2d 133, 138 (E.D.N.Y. 2006), Judge Glasser observed that the plaintiff's theory was not one in which a common sense reading of the letter, in its entirety, would leave the least sophisticated consumer suffering any sort of harm or confusion. But rather, by parsing through the letter as if she were a Philadelphia lawyer reviewing a municipal bond agreement, the plaintiff could allege some minute variation of the statute that runs afoul of the FDCPA. *Id*. While the statute was designed to be construed liberally, another of Judge Glasser's observations is worth noting:

The types of harms the statute was intended to protect against are listed in 15 USC §1692e. What is complained of here is not one of them, but attorney's fees and costs would be awarded were a judicially developed standard to decide that it was.

It would do well to recall here a familiar principle pertaining to the violation of a statute. A violation of a statute giving rise to civil liability is absolute if there is a causal connection to a practical degree between the violation and the injury. The unexcused violation of a statute not creating civil liability will give rise to liability if the plaintiff is a member of the class the statute was designed to protect, the injury is the kind the statute was designed to prevent, and there is a causal connection between the violation and the injury. The violation of this statute gives rise to civil liability. It was intended to eliminate abusive debt collection practices, and to protect consumers from deceptive or harassing action taken by debt collectors. *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 214 (2d Cir. 2017). What is the harm complained of here? Confusion; a belief that the debt may have been sold or assigned, neither of which, assuming their truth, smacks of abuse, deception or harassment.

*Islam v. Credit Control, LLC*, Case No. 16-CV-6883, at 5-7, 2017 WL 2788938 (E.D.N.Y. 2017) citing *Jacobson v. Healthcare Financial Services, Inc.*, 434 F.Supp.2d 133, 138 (E.D.N.Y. 2006), which was cited with approval in *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 595 (6th Cir. 2009) and *Federal Home Loan Mort. Corp. v. Lamar*, 503 F.3d 504, 513-14 (6th Cir. 2007).

### F.  Conclusion

In closing, no reasonably objective factfinder could conclude that Defendant's letter violated the FDCPA. The conduct taken was neither deceptive, nor abusive. Instead, the letter clearly identified the creditor to whom the debt was owed – Portland Water Bureau – and it contained all of the other required disclosures, each of which were presented in a uniform, easy to understand manner. For those reasons, Defendant asks that the Court grant its Motion for Summary Judgment, and dismiss Plaintiffs' claim with prejudice.

Dated: January 26, 2018.                    /s/ *Wade C. Isbell*
                                            Wade C. Isbell, OSB #104143
                                            Attorney for Defendant Ray Klein, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, I electronically filed the foregoing

Motion for Summary Judgment with supporting Declarations and Exhibits with the Clerk

of the Court using the CM/ECF System, which will send notification of such filing to

Joshua Trigsted, attorney for plaintiffs, at jtrigsted@attorneyforconsumers.com.

DATED: January 26, 2018


/s/*Wade C. Isbell*_____
Wade C. Isbell

WADE C. ISBELL
PO BOX 7637
SPRINGFIELD, OR 97475
(541) 335-2159