Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
888-595-9111, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DORTHA AND GILBERT WARNER**, | Case No.: 3:17-cv-01301-JE |
| Plaintiffs, | **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| **RAY KLEIN, INC.,** | |
| Defendant. | |

Defendant primarily discusses in its Response the cases that Plaintiff cited in support of its original Motion and attempts to distinguish its letter from the letters discussed in those cases. Document 16, pp. 3-7.  In doing so, Defendant inaccurately represents the content of its own letter and the holdings of those cases.

First, Defendant points out that *Datiz* did not rule in favor of Plaintiff, but instead merely denied a Motion to Dismiss by Defendant.  That is true.  However, the *Datiz* court could not have been clearer in its opinion that the letter did not comply with 15 USC 1692g(a).  *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("Thus, the Court finds the fact that the caption February 13, 2015 Letter lists John T. Mather

Hospital is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor."). In *Datiz,* as here, the original creditor's name was listed, but it was not stated that they were the current creditor. *Id.* The letter in that case included language that the account had been "listed" with the non-creditor collector, a term that is substantially similar to Defendant's, which stated that the debt had been "referred" to Defendant. *Id.* Neither the term "listed" nor the term "referred" eliminate the possibility that Defendant or somebody else could be the current creditor, and therefore both letters fail to effectively convey the identity of the current creditor, even though the current creditor's name was listed. However, Defendant's letter is in fact more confusing than the letter in *Datiz* because the creditor in *Datiz* was listed as "Re: John Mather Hospital," as in the *Santibanez* case from this District, whereas Defendant listed the current creditor Portland Water Bureau as "original creditor," strongly implying that Portland Water Bureau was no longer the creditor. Defendant claims in its Response that "Defendant identified Portland Water Bureau as the creditor to whom the debt was owed...and…did not include any language that would suggest the debt was sold or otherwise assigned to an unidentified third party." Document 16, p. 4. This is a glaringly inaccurate description of the letter. Defendant's letter easily could have, but did not, identify Portland Water Bureau as the "creditor to whom the debt is owed." It identified it as the "original creditor." It then listed itself immediately to the right of that line and listed its own account number, strongly implying that Ray Klein, Inc. was the current creditor. Thus, the letter did "include language that would suggest the debt was sold or otherwise assigned." Defendant's letter is not more clear but less clear about the identity of the current creditor than *Datiz*.

Defendant also discusses *Janetos* in its Response. Plaintiff's position on *Janetos'* applicability to this case is fully briefed in Plaintiff's Response to Defendant's Summary Judgment Motion and Plaintiff's own Summary Judgment Motion. Documents 14, pp. 4-5 & 17, pp. 2-3.

Defendant next attempts to distinguish *Sparkman*. *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp.2d 293, 300 (ED NY 2005). It does so by noting that the language used in *Sparkman* that implied that The Bureaus, the current creditor in that case, was not the current creditor, is different in form from the language that creates the same confusion in its letter. Document 16, p.5. While the language may be different in the two letters, the confusing and misleading effect is the same. Both letters listed the current creditor's name but also included language that gave the impression that the current creditor listed in the letter was not the current creditor. In *Sparkman*, the language was that the creditor (The Bureaus) was "an agent of the current owner of your account." *Sparkman* at 300. In Defendant's letter, it was the fact that Defendant listed Portland Water Bureau as the "original creditor" and placed its own name and account number in close proximity next to that of the "original creditor."

Defendant's distinction between its letter and the letter in *Dewees* is clearer because the *Dewees* letter is substantially different in kind from the letter here. Document 16, pp. 5-6. However, that difference cuts both ways. *Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d 128 (ED NY 2007). Unlike Defendant's letter, which names the original creditor, implying a sale of the debt, but does not take care to indicate with clarity whether or to whom the debt was sold, it was abundantly clear in the *Dewees* letter that the debt was sold by the original creditor. *Id.* at 133. However, the letters are similar in that in both letters, not enough information is given to apprise the debtor of who owns the debt. True, the court held the word "assigned" was confusing, and that word does not appear here. *Id.* But the *Dewees* court also held that the letter stating that

the debt was "assigned" or "sold" to Legal Servicing, LLC, does not rule out the possibility of a third party being involved other than the two parties named in the letter. *Id.* ("It could mean that (1) Defendant has purchased and continues to own the debt or (2) an unidentified owner of the debt has retained Defendant for the purpose of collecting the debt."). A similar analysis can be applied to Defendant's letter. Defendant's letter states that "The accounts(s) listed in this letter has been referred for collection." What it easily could have, but did not, state is the following: "The account(s) listed in this letter has been referred for collection **By Portland Water Bureau**." Thus, assuming Defendant is correct in its assertion that the use of the word "referred" makes it clear to an unsophisticated consumer that the debt was not sold to Defendant, *Dewees* teaches us that that should not end the inquiry. Instead, the fact that it is not clear in the letter who actually "referred" the debt to Defendant, along with the fact that Portland Water Bureau is listed as not "the creditor" but the "Original Creditor," raises the distinct possibility that the current creditor could easily be an unlisted third party that purchased the account from Portland Water Bureau and subsequently "referred" the account to Defendant. Of course, Plaintiff does not agree that the term "referred" eliminates for an unsophisticated consumer the possibility that Defendant was the current creditor, but even if it does, it is not at all clear that the debt was referred by Portland Water Bureau as opposed to an unnamed current creditor.

Defendant inaccurately represents the holding in *McGinty*. *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 WL 6069180 (ED NY 2016). *McGinty* did not hold that using the term "original creditor" would have resulted in a different decision. *Id.* at 4. It was merely quoting language that the Plaintiff there used in pointing out several words that Defendant failed to use. Instead the ruling was based on the fact that the letter "failed to identify the Medical Providers as Plaintiff's **current** creditors" (emphasis added) and "failed to make clear on whose behalf PCB

(the Defendant in that case) was acting when it sent the Collection Letters. *Id.* at 4-5. Thus, the problem isolated in *Dewees*, above, was noted here as well. Just as in *Dewees* and *McGinty*, the failure of Defendant here to make it clear what its relationship was to Portland Water Bureau is critical to the letter's failure to identity that Portland Water Bureau was in fact the current creditor. In fact, *McGinty* distinguished a case that the Defendant there attempted to rely on by the fact that in the other case, *Wright*, the current creditor was referred to as the collector's "client," whereas in *McGinty,* PCB's letter did not state what PCB's relationship was to the creditor. *Id*, citing *Wright v. Phillips & Cohen Assocs. Ltd.*, No. 12-CV-4281, 2014 WL 4471396 (E.D.N.Y. Sept. 10, 2014). *Wright* shows that another of the myriad ways in which Defendant could have avoided liability here would have been to refer to Portland Water Bureau as its "client," because Portland Water Bureau would have to be the creditor in order to have the authority to hire Defendant to collect the debt. Instead, Defendant's letter completely failed to disclose Defendant's relationship to the "original creditor" Portland Water Bureau and thereby created confusion as to whether Portland Water Bureau was still the creditor and not merely the "original creditor."

The *Dix* letter was different in kind from the letter here, but it does uphold the same basis principle Plaintiff relies on here that simply naming the creditor somewhere on the letter is not enough. *Dix v. National Credit Systems, Inc.*, 2017 WL 4865259 at *2. Instead, there must be enough information to clearly identify that the person named is the original creditor. *Id.*

Defendant attempts to distinguish *Suellen* by the fact that "Here, there is nothing that could feasibly suggest the involvement of a third, unnamed party." Document 16, p. 6, citing *Suellen v. Mercantile Adjustment Bureau, LLC*, 2012 WL 2849651, (ND CA 2012). As discussed above, that is simply not the case. The listing of Portland Water Bureau as the "original creditor," combined with the failure to state what relationship Defendant bore to Portland Water Bureau does

feasibly suggest the involvement of a third, unnamed party, and it was Defendant's duty under the FDCPA to clarify that Portland Water Bureau and not an unnamed third party was the current creditor.

Defendant has not cited in any of its briefs a single case upholding the legality of a letter with qualities substantially similar to its own. There are many cases cited by Plaintiff where courts have found that letters with extremely similar characteristics have inadequately disclosed the identity of the current creditor. Plaintiff's Motion should be granted.

Dated this 22nd day of February, 2018.

By: __s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
888-595-9111, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiffs