IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DORTHA AND GILBERT WARNER, ) | Civil No.: 3:17-cv-01301-JE |
| ) | |
| Plaintiff, ) | OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| RAY KLEIN, INC., ) | |
| ) | |
| Defendant. ) | |

Joshua R. Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste. 150
Lake Oswego, OR 97035

    Attorney for Plaintiff

Wade C. Isbell
Ray Klein, Inc. dba Professional Credit Service
PO Box 7637
Springfield, OR 97475

    Attorneys for Defendant

JELDERKS, Magistrate Judge:

    Plaintiffs Dortha and Gilbert Warner bring this action against Defendant Ray Klein, Inc.,

alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 *et*

OPINION AND ORDER – 1

*seq.* Plaintiffs claim Defendant violated 15 U.S.C. §1692g(a) by failing to effectively disclose the identity of the current creditor in a letter it sent to Plaintiffs. Currently before the Court are Defendant's motion for summary judgment and Plaintiffs' motion for partial summary judgment. For the reasons set forth below, Defendant's motion is granted, Plaintiffs' motion is denied and this case is dismissed.

## Background

The parties agree that the following facts are undisputed. The debt being collected is a "debt" under 15 U.S.C. § 1692a(5). Plaintiffs are "consumers" under 15 U.S.C. § 1692a(3) and Defendant is a "debt collector" under 15 U.S.C. § 1692a(6). Defendant sent Plaintiff a letter dated January 23, 2017, that qualified as either an "initial communication" or as correspondence that was sent within five days of the "initial communication." The letter, printed on Defendant's letterhead, states that "The account(s) listed in this letter has been referred for collection." (Dkt. #13, Ex. 1). This statement is followed by the language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor(s), if different from the current creditor(s).

Id.

In the center of the page, set off from the above language in table format with headings, the letter identifies the original creditor as Portland Water Bureau, the original account number, the "Professional" account number, and the total amount due. Appearing lower on the page is the

language "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." Id.

According to the Declaration of Mark Hasson in support of Defendant's motion, Plaintiffs did not respond to the letter and Defendant filed a small claims lawsuit in Clackamas County Circuit Court. (Dkt. #12, ¶ 5). Hasson's Declaration also asserts that the parties reached a mediated agreement in the small claims action and on or around September 1, 2017, Plaintiffs paid $4,461.05 to Defendant to resolve the Portland Water Bureau account. Plaintiffs do not dispute these assertions. Plaintiffs filed the current action with this Court on August 22, 2017. (Dkt. #1).

## Evaluating Motions for Summary Judgment

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. *Id.* When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. *Id.* at 324, 106 S. Ct. 2548.

The substantive law governing a claim or defense determines whether a fact is material. *T. W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party. Id. at 630–31. The evidence of the nonmoving party is to be believed, and all

justifiable inferences are to be drawn in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine issue for trial exists, however, where the record as a whole could not lead the trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Where parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the non-moving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas (ACLU II)*, 466 F.3d 784, 790–91 (9th Cir. 2006) (quoting *A.C.L.U. of Nev. v. City of Las Vegas (ACLU I)*, 333 F.3d 1092, 1096–97 (9th Cir. 2003)).

## **Discussion**

The FDCPA prohibits false or deceptive practices in connection with debt collection. 15 U.S.C. §§ 1692 et seq. When a debt collector sends a consumer an initial communication about a debt, the FDCPA requires that communication, or any subsequent notice sent within five days of the initial communication, to contain certain disclosures. 15 U.S.C. § 1692g(a). Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The required notice "must be conveyed effectively to the debtor." *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988).

Courts in this circuit evaluate the language alleged to violate §1692g under the "least sophisticated debtor" standard, which requires an assessment of whether the least sophisticated debtor "would likely be misled by the notice" given. *Swanson*, 869 F.2d at 1225 (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir.1982)). This standard is "designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naïve . . . ." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011)(citations and internal quotation omitted). However, the standard "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Id.* (internal quotation and alteration omitted); *see also Wahl v. Midland Credit Management, Inc.,* 556 F.3d 643, 645–46 (7th Cir.2009) ("The [least sophisticated debtor] isn't a dimwit. She may be uninformed, naive, and trusting, but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." (citations omitted)). This standard does not protect debtors from "bizarre, idiosyncratic, or peculiar misinterpretations." *Gonzales*, 660 F.3d at 1062 (internal quotations omitted).

Plaintiffs argue that Defendant's letter merely identifies Portland Water Bureau as the "Original Creditor" and states that the "account has been referred for collection," thereby failing

to "disclose or even imply the identity of the current creditor." Pl.'s Motion at p. 3. I disagree.

At the outset, I note that both parties spend much of their briefing analogizing and distinguishing the Seventh Circuit case *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016) as well as a number of district court cases from this and other circuits. *See* Dkt. #14 (citing *Sparkman v. Zwicker & Associates, P.C.,* 374 F. Supp. 2d 293 (E.D.N.Y. 2005); *Dewees v. Legal Servicing, LLC,* 506 F. Supp. 2d 128 (E.D.N.Y. 2007); *McGinty v. Professional Claims Bureau, Inc.,* 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016); *Wright v. Phillips & Cohen Assocs., Ltd.,* 2014 WL 4471396 (E.D.N.Y. Sept. 10, 2014); *Dix v. Nat'l Credit Sys., Inc.*, 2017 WL 4865259 (D. Ariz. Oct. 27, 2017); *Suellen v. Mercantile Adjustment Bureau, LLC*, 2012 WL 2849651 (N.D. Cal. June 12, 2012)); Dkt. #11 (citing *Schuerkamp v. Afni, Inc.*, No. 10-6282-HO, 2011 WL 5825969 (D. Or. Nov. 16, 2011); *Santibanez v. Nat'l Credit Sys., Inc.,* No. 6:16-CV-00081-AA, 2017 WL 126111 (D. Or. Jan. 12, 2017); *Islam v. Credit Control, LLC*, 2017 WL 2788938 (E.D.N.Y. June 27, 2017)). However, a review of these cases reveals that none completely mirrors the facts of this one. I will not reiterate here the numerous distinctions and similarities noted by both parties, primarily because although a few of the cases cited are persuasive to a certain extent, none are binding on this court.

Here, unlike cases relied upon by Plaintiffs, Defendant's letter identified Portland Water Bureau as the original creditor along with the original account number in the body of the text, not merely in a subject line or caption. Also, unlike Plaintiffs' cited cases, the only other entity mentioned anywhere in the letter is Defendant, whose name appears on the letterhead. See Dkt. #13, Ex. 1.

The statute does not discern between "original creditor and "current creditor" except to the extent that it requires notice that upon the consumer's written request "the debt collector will

provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5). Under the statute Defendant's letter need only include "the name of the creditor to whom the debt is owed" 15 U.S.C. §1692g(a)(2). Although the letter did not explicitly state "the name of the creditor to whom the debt is owed is Portland Water Bureau," it expressly noted that the letter "is an attempt to collect a debt," listed <u>only one creditor</u> – Portland Water Bureau, explained that the account indicated had been referred for collection, and was sent on Defendant's letterhead with the statement, "This communication is from a debt collector." Plaintiffs' attempts to persuade the Court to parse out distinctions between an "original creditor" and a "current creditor" or to find confusing the inclusion of the debt collector's account number fail in the face of the facts of this case and border on the "idiosyncratic, or peculiar misinterpretations" that *Gonzales* eschews. It is simply not plausible to conclude that the least sophisticated debtor, reading the letter as a whole, would not understand that Portland Water Bureau, as the only creditor identified, is the creditor to whom the debt is owed.

Despite the exacting standard under *Gonzales*, there is still a requirement for a quotient of reasonableness and the least sophisticated debtor is nonetheless presumed to have a "basic level of understanding." *Gonzales,* 660 F.3d at 1062 (citation omitted). Under this standard and the requirements of the statute, a finder of fact could conclude only that Defendant's letter clearly and effectively disclosed the identity of the creditor to whom the debt was owed. Therefore, Defendant's letter did not violate the provisions of the FDCPA as alleged. Accordingly, Plaintiffs' motion for partial summary judgment is denied, Defendants' motion for summary judgment is granted and this case is dismissed.

provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5). Under the statute Defendant's letter need only include "the name of the creditor to whom the debt is owed" 15 U.S.C. §1692g(a)(2). Although the letter did not explicitly state "the name of the creditor to whom the debt is owed is Portland Water Bureau," it expressly noted that the letter "is an attempt to collect a debt," listed <u>only one creditor</u> – Portland Water Bureau, explained that the account indicated had been referred for collection, and was sent on Defendant's letterhead with the statement, "This communication is from a debt collector." Plaintiffs' attempts to persuade the Court to parse out distinctions between an "original creditor" and a "current creditor" or to find confusing the inclusion of the debt collector's account number fail in the face of the facts of this case and border on the "idiosyncratic, or peculiar misinterpretations" that *Gonzales* eschews. It is simply not plausible to conclude that the least sophisticated debtor, reading the letter as a whole, would not understand that Portland Water Bureau, as the only creditor identified, is the creditor to whom the debt is owed.

Despite the exacting standard under *Gonzales*, there is still a requirement for a quotient of reasonableness and the least sophisticated debtor is nonetheless presumed to have a "basic level of understanding." *Gonzales,* 660 F.3d at 1062 (citation omitted). Under this standard and the requirements of the statute, a finder of fact could conclude only that Defendant's letter clearly and effectively disclosed the identity of the creditor to whom the debt was owed. Therefore, Defendant's letter did not violate the provisions of the FDCPA as alleged. Accordingly, Plaintiffs' motion for partial summary judgment is denied, Defendants' motion for summary judgment is granted and this case is dismissed.

## Conclusion

For the reasons set forth above, Plaintiffs' motion for partial summary judgment [Dkt. # 14] is DENIED, Defendant's motion for summary judgment [Dkt. #11] is GRANTED and this case is dismissed with prejudice.

DATED this 18th day of April, 2018.

                                            /s/ John Jelderks
                                        John Jelderks
                                        U.S. Magistrate Judge